UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELISSA FERRINGTON, CHERYL SCHMIDT, CHRISTOPHER BENNETT AND CHRISTI HALL,<br><br>Plaintiffs,<br><br>v.<br><br>MCAFEE, INC., ARPU, INC., D/B/A TRYANDBUY.COM,<br><br>Defendants. | Case No. 5:10-CV-01455 LHK<br>Case No. 5:11-CV-00721 LHK<br><br>[PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: April 6, 2010<br>Trial Date: None<br>Judge: Hon. Lucy H. Koh |
| KEN POCHIS,<br><br>Plaintiff,<br><br>v.<br><br>ARPU, INC., McAFEE, INC., IOLO TECHNOLOGIES, LLC,<br><br>Defendants | Complaint Filed: Feb. 16, 2011<br>Trial Date: None<br>Judge: Hon. Lucy H. Koh |

Plaintiffs in these related cases, Melissa Ferrington, Cheryl Schmidt, Christopher Bennett, Christi Hall and Ken Pochis ("Plaintiffs") have made a motion for an order preliminarily approving the Settlement Agreement ("Agreement") entered into between Plaintiffs and Defendants McAfee, Inc., Arpu, Inc., d/b/a TryandBuy.com., and Iolo Technologies, LLC

1

Case No. CV 10-1455-LHK
Case No. CV-11-00721 LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

(collectively, "Defendants"). Defendants have filed papers in support of that motion; the said motion having come on for hearing before the above-entitled Court; the Court has reviewed and considered all documents, evidence and arguments of counsel presented in support of said motion; the Court being fully advised of the premises and good cause appearing therefore, the Court enters its order and, subject to final determination by the Court as to the fairness, reasonableness and adequacy of the settlement, finds and orders as follows:

1. The Settlement Agreement entered into by the parties ("Agreement") and the settlement set forth therein appear to be within the range of reasonableness of a settlement which could ultimately be given final approval by the Court.

2. The Court finds that the manner and content of the notice specified in the Agreement and the Summary Published Notice, Long Form Notice and Summary Email Notice (Exhibits B1, B2 and B3 thereto) (together, the "Class Notice") will provide the best practicable notice to members of the Plaintiff Settlement Class, as defined in the Conditional Class Certification Order. Accordingly, Defendants or a claim administrator designated by them shall provide notice to the Plaintiff Settlement Class as follows: (1) by publication once in *USA Today* of a Summary Published Notice of the pendency of this action and the proposed settlement in substantially the form of Exhibit B1 to the Agreement; (2) by publishing on the Settlement Website at www.ArpuMcAfeePopUpAd.info a Long Form Notice in substantially the form of Exhibit B2 to the Agreement; and (3) by sending a Summary Email Notice in substantially the form of Exhibit B3 via electronic mail to identifiable Plaintiff Settlement Class Members for whom Defendants have an email address. The Summary Email Notice will include a link to the Settlement Website. For those Summary Email Notices that are returned to Defendants as undeliverable ("bounce-backs"), Defendants will send a postcard via U.S. Mail, which postcard shall contain the text of the Summary Email Notice. In all other respects, the notice shall be provided according to the procedures and in the manner specified in Part VI of the Agreement, and the costs and expenses of such notice shall be paid by Defendants, subject to the provisions of Section 7.5 of the Agreement. The Court authorizes the parties to make minor revisions to the

Class Notice as they may jointly deem necessary or appropriate, without the necessity of further Court action or approval.

   3. A final approval hearing shall be held by this Court to consider and finally determine:

    a. Whether the Agreement should be finally approved as fair, reasonable, and adequate;

    b. Whether attorneys' fees, costs and expenses should be awarded to Plaintiffs' Counsel, and incentive awards made as provided in Section VII of the Agreement; and

    c. The merits of any objections to the Agreement and the settlement set forth therein, or any of its terms.

   The final approval hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court without further notice to the Plaintiff Settlement Class.

   4. Any member of the Plaintiff Settlement Class who does not request exclusion, and who objects to approval of the proposed settlement in compliance with the requirements of the Agreement, may appear at the final approval hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate.

   5. However, no person (other than representatives of the named parties) may be heard at the final approval hearing, or file papers or briefs, unless on or before the date set forth in the Class Notice, such person files with the Clerk of the Court and serves on Plaintiffs' Counsel and Defendants' Counsel, consistent with Section VIII of the Agreement, a timely written objection and notice of intent to appear, in accordance with the procedures specified in the Class Notice. Any member of the Plaintiff Settlement Class who does not make his or her objection to the settlement in the manner provided herein and in the Agreement and in compliance with applicable law, shall be deemed to have waived such objection for purposes of appeal, collateral attack or otherwise.

   6. The publication and dissemination of the Class Notice, as directed by this

Order, constitutes the best notice practicable under the circumstances and sufficient notice to all members of the Plaintiff Settlement Class. The contents of the Class Notice and the manner of its dissemination satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), other federal law, and due process.

7. Any member of the Plaintiff Settlement Class who desires exclusion therefrom must mail, by the date set forth in the Class Notice, a written request for exclusion to the addresses set forth in the Class Notice. All persons who properly submit requests for exclusion shall not be Plaintiff Settlement Class members and shall have no rights with respect to the settlement.

8. If the Agreement is finally approved, the Court shall enter a Final Approval Order and Judgment approving the Agreement, within the meaning of and for purposes of Section 8.3 of the Agreement. Said Final Approval Order and Judgment shall be fully binding with respect to all members of the Plaintiff Settlement Class who did not request exclusion by the date set forth in the Class Notice, in accordance with the terms of the Class Notice and the Agreement.

9. All discovery and other pretrial proceedings in this Action are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may be necessary to implement the Agreement or this Order.

10. In the event that the proposed settlement as provided in the Agreement is not approved by the Court, or entry of a Final Approval Order and Judgment as provided in the Agreement does not occur for any reason, then the Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith shall become null and void. In such event, the Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any and all parties thereto, who shall be restored to their respective positions as of the date of the execution of the Agreement.

11. The dates of performance of this Order are as follows:

    a. The Class Notice shall be published and disseminated by newspaper publication, website posting and electronic mail in accordance with the provisions of Part VI of

1  the Agreement. Defendants shall commence such publication and dissemination within thirty
2  (30) days of entry of this Order.

   b. Plaintiffs' Counsel shall file and serve papers requesting attorneys' fees, costs and expenses by May 2, 2013.

   c. Requests for exclusion must be received by May 23, 2013.

   d. Objections to the settlement and notices of intention to appear at the final approval hearing shall be deemed timely only if filed with the Court and served on counsel for the parties by May 23, 2013.

   e. Plaintiffs' Counsel shall prepare and file with the Court a joint list of class members who have filed timely requests for exclusion by May 30, 2013.

   f. Plaintiffs' Counsel shall file and serve papers in support of final approval of the settlement, and responding to any objections by May 30, 2013.

   g. Defendants shall file papers, if any, in support of final approval of the settlement and responding to any objections by May 30, 2013.

   h. By 37 days after the date of entry of this Order, Defendants shall certify to the Court, that they have complied with the notice requirements set forth in the Agreement and this Order.

   i. The final approval hearing shall be held on June 20, 2013 at 1:30 p.m.

IT IS SO ORDERED.

Dated: February 15, 2013

_____
Honorable Lucy H. Koh
Judge of the United States District Court